UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:22CR00300-7 JM |
| v. ) | |
| ) | |
| DEWAYNE BAKER ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S APPEAL
OF MAGISTRATE'S ORDER OF DETENTION**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Julie Peters, Assistant U.S. Attorney for said district, for its response to defendant DEWAYNE BAKER's appeal (docket nos. 471, 472) of the magistrate's order of detention, respectfully states as follows.

I.   **Procedural Background**

On November 1, 2022, a federal grand jury returned an Indictment charging 35 defendants, including DEWAYNE BAKER, with a variety of drug trafficking and firearms offenses arising from an investigation in which multiple Title III wiretaps were authorized.   Specifically, BAKER and 34 codefendants were charged in Count 1 with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 – as to BAKER, cocaine. BAKER was also charged in Count 37 with use of a communications facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b).

On March 16, 2023, BAKER appeared before U.S. Magistrate Judge Joe J. Volpe for a detention hearing. Judge Volpe determined that BAKER satisfied the burden of production and overcame the rebuttable presumption, but after hearing the government's evidence, found by clear and convincing evidence that BAKER was a danger to the community, and no condition or combination of conditions would reasonably assure the safety of the community.  In issuing his

order of detention (docket no. 454), the magistrate stated, "In coming to this conclusion, I have considered, *inter alia*, the nature and circumstances of Defendant that cast serious doubt on his ability to abide by conditions of release. Defendant is a state parolee, and the law enforcement officer testified to multiple wiretap conversations where Defendant was engaging in drug trafficking while on parole. Although Defendant admitted to federal agents he uses and sells cocaine, he lied to his state parole officer about his drug use. Additionally, on the day of Defendant's arrest in this case, he admitted to directing another individual to hide his controlled substances on her person so that law enforcement would not discover it."

On March 30, 2023, BAKER filed his appeal of this order of detention and brief in support (docket nos. 471, 472).

## II.     Standard of Review

When [a] district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985). "[T]he rule of de novo determination by the district court applies not only when the accused challenges the magistrate's order, but also when the government does, as it is authorized to do by section 3145(a)(1)." *Id*. (citing *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985)). In considering whether release or detention is appropriate, the district court must consider whether the defendant is a risk of flight or a danger to the community under the factors outlined in 18 U.S.C. § 3142(g), and then consider whether any conditions or combination of conditions of release will reasonably assure both the defendant's appearance and the community's safety under 18 U.S.C. § 3142(c) and (e). *United States v. Stenger*, 536 F. Supp.2d 1022, 1025 (S.D. Iowa 2008) (citing *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.

1985)).

If the Court finds by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community, the Court may detain the defendant. *Orta*, 760 F.2d at 891. The factors to be considered under 18 U.S.C. § 3142(g) include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to persons in the community that would exist if the defendant was released. 18 U.S.C. § 3142(g).

Because of the nature of the charges against BAKER, it is presumed that no condition or combination of conditions would reasonably assure his appearance or the safety of the community. 18 U.S.C. § 3142(e). "In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir.1991); *see also United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir.1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption."). *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

### III.   Factual Background of the Case and Testimony at Detention Hearing

As demonstrated during the hearing, BAKER is a danger to the community, and no condition or combination of conditions would reasonably assure the safety of the community. An

overview of the case against BAKER is as follows. On April 16, 2021, U.S. District Court Judge Kristine G. Baker authorized the interception of wire and electronic communications to and from Target Phone 1, used by Freddie Gladney, Jr., for a period of 30 days. This wiretap revealed that Gladney Jr. and DEWAYNE BAKER were engaged in drug trafficking activity involving cocaine.

During the detention hearing, FBI Special Agent Jefferson Highfill testified regarding BAKER's interceptions. For example, on April 27, 2021, at approximately 9:16 a.m., Session 1157 (TP1), DEWAYNE BAKER called FREDDIE GLADNEY JR about needing one and a half ounces of cocaine. Specifically, BAKER said, "I did one and one half of that," meaning one and a half ounces of cocaine. GLADNEY JR responded, "You need what now?" and BAKER repeats, "One and a half." GLADNEY JR repeats, "one and a half?" and BAKER says "Yes." GLADNEY JR says "Alright".

Similarly, on May 15, 2021, at approximately 3:43 p.m., Session 4350 (TP1), GLADNEY JR. called BAKER to see if BAKER had enough cocaine while GLADNEY JR. is going out of town. (In context, GLADNEY JR. was calling around trying to sell product to raise money before going out of town.) BAKER said he would be ready tomorrow. However, at approximately 3:44 p.m., Session 4531 (TP1), BAKER called GLADNEY JR. During this call, BAKER said, "Yeah since you gonna go out of town, if you have one you wanna give me one then when you come back tomorrow pick up the 15," meaning get fronted one ounce of cocaine for $1500. GLADNEY JR. asks, "You got any change?" meaning able to pay anything up front for the ounce. And BAKER says, "I can give you 5 right now and then you can pick up the rest when you come back tomorrow," meaning BAKER will pay $500 up front, and the rest ($1000) tomorrow after he has sold the cocaine.

SA Highfill also testified regarding records of BAKER's supervision by the State of

Arkansas. On May 14, 2021, the same time as BAKER was intercepted buying bulk quantities of cocaine, BAKER's probation officer recorded BAKER's report that he was "maintaining a chemical free lifestyle" and was working side jobs to remit supervision fees and take care of his "baby boy."

Additionally, when BAKER was arrested at his home, 418 Poplar Street in Helena, on November 9, 2022, BAKER went inside his house and shut the door as agents were calling him out. BAKER did not emerge until approximately 10 minutes passed. An agent called BAKER, who finally exited the home. The home was then searched pursuant to BAKER's parole waiver. Inside the residence, officers found a fully loaded firearm with a round in the chamber. The firearm was located in the back of the cabinet under the microwave, near a children's toy. Also exiting the house was Linda Brown, BAKER's aunt. Linda had multiple bags of cocaine stuffed in her bra, and told officers that BAKER had given her the cocaine and told her to put them in her bra because he believed she would not be searched. Officers also recovered a notebook that appeared to be a drug ledger, with names and dollar amounts, in BAKER's car.

BAKER subsequently gave a *Mirandized* statement during which he admitted to having a cocaine addiction and to distributing to multiple friends to obtain money to support his addiction. BAKER stated he distributed approximately a quarter-ounce of cocaine a week. BAKER admitted he asked Linda to hold the cocaine.

BAKER presented testimony of his proposed third-party custodian, Dominique Baker, his estranged wife. Dominque lives in Lexa, and works as a grocery delivery person. Dominique testified that she had known BAKER for 15 years, and they had been married for 12 years, but separated for "a few years." Dominique admitted knowing that at one point during their marriage BAKER was using drugs, but claimed limited knowledge, despite BAKER's drug possession

5

conviction during their marriage. When asked if BAKER ever smelled like marijuana, Dominique stated she took their kids to visit BAKER but waited in the car while the kids went inside for a visit (implying that she did not have cause to smell marijuana). Dominique was unaware of the cocaine BAKER hid on Linda Brown.

IV.     Analysis

After hearing testimony from Dominique Baker and finding that BAKER had overcome the burden of production, and hearing evidence from the United States, the magistrate judge correctly determined that BAKER presented a danger to the community, and that no condition or combination of conditions would reasonably assure the safety of the community. BAKER stands accused of trafficking in cocaine, which is an inherently dangerous substance. The proof of his participation is among the strongest available – his own words, recorded on a wiretap, along with his *Mirandized* confession. BAKER has engaged in criminal conduct, especially involving drugs, over a long period of time. BAKER's pretrial services report reflects a 2014 conviction for possession of a controlled substance, as well as a 1996 conviction for manufacture, delivery, and possession of a controlled substance, and 1997 conviction for possession of a firearm by certain persons, along with a 2007 arrest for manufacture, delivery, and possession of a controlled substance that was *nolle prossed* in 2010, among other arrests and convictions. At the time BAKER committed the drug offenses in this case, he was on state supervision, and lying to his probation officer about his law-abidingness.

The magistrate judge correctly determined that BAKER's willingness and ability to run circles around his state probation officer presented a danger to the community that would not be ameliorated by federal pretrial supervision. Magistrate Judge Volpe commented on the fact that BAKER was also running circles around his estranged wife and proposed third-party custodian,

who had been with him for 12 years and yet was unaware of his history of using and selling drugs. Magistrate Judge Volpe also commented on the dangerous nature of BAKER's conduct on the day of arrest, shutting the door on law enforcement, and endangering his aunt in an effort to save himself. Magistrate Judge Volpe accurately set forth the relevant facts, and his finding that BAKER is a danger to the community, and that no conditions or combination of conditions could mitigate that danger, is supported by the record. Accordingly, the United States requests that the Court, on *de novo* review of the record, hold that BAKER should be detained as a danger to the community.

WHEREFORE, the United States respectfully requests that the Court deny defendant DEWAYNE BAKER's detention appeal (docket nos. 471, 472).

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

JULIE PETERS
Bar No. AR2000109
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
Julie.Peters@usdoj.gov